Please be seated. Good morning to all present. Let's begin by calling the first case for this morning. Thank you, Judge. Today's cases will be called as previously announced and times will be allotted to counsel. First case today, 22-1543 and 22-1552, United States v. Augustus Valdez. Will counsel for the appellant please come up and introduce yourself for the record. Good morning, Your Honors. May it please the Court, my name is Marie Terriault. I represent the appellant, Augusto Valdez. Your Honor, with permission, may I please have two minutes for rebuttal? You may. Thank you. You may proceed. There are two issues presented to this court. They've been outlined in the appellant's opening brief and his reply brief. I'd like to just briefly touch upon the first issue. That is that the district court committed, abused its discretion in denying Mr. Valdez's motion to vacate his guilty plea, which was filed pro se by Mr. Valdez. There was no plea agreement in this case. He moved pro se to vacate his guilty plea approximately five months after the Rule 11 hearing. However, we were in the heat of the And Mr. Valdez based his request to withdraw his guilty plea, to count one only, based upon the fact that it was not a crime to conspire with a governmental agent. And in this case, the cocaine deal, there was another party in Texas. It's really not clear from the record who or what this party, who he was. Let me ask you, counsel, because you're saying it's not clear or wasn't clear below who the co-conspirators are. But this is a Massachusetts case. And under Massachusetts local Rule 116.1, the government's required to provide the names of any co-conspirators, even though they're not indicted. So where's the surprise come from here? The surprise comes from the fact that the record is not very clear. Number one, there were a lot of problems with counsel. Number two, Counsel, that's not the argument that was made below, right? The argument that was made below was simply that as a legal matter, he'd only conspired with a undercover officer, and that was not enough to charge a conspirator. But isn't that legal argument incorrect? When you take into consideration the Texas co-conspirator, I must acknowledge there is a problem there. So what otherwise would be the basis then for granting that motion? Mr. Valdez, first of all, he hesitated during the Rule 11 hearing when the district court trial judge asked him to explain what he was charged with. There was clearly a little confusion there. Okay, but if you look at it, let me ask counsel, he did what the court specifically said. In your own words, Mr. Valdez, I'm looking at the change of plea transcript, page five of 15. In your own words, Mr. Valdez, what do you understand that you're being charged with here this afternoon? And he says, yes. And the court says, what crime do you understand you're being charged? And he says, I'm not sure. I'm going to call the charges. So the court says, I don't need a technical name. What do you understand you're here for? And he clearly said, conspiracy for five kilos or more. And the court says, five kilos or more or what? And he says, cocaine. So are you suggesting that he doesn't understand the charges based on that colloquy? He understands he's being charged with a crime involving cocaine. The trial judge did not inquire as to count to. He did not ask Mr. Valdez, do you understand what you're being charged with here in count two? But counsel, I thought his motion to vacate his guilty plea was only as to count one. So why does it matter whether or not? It goes to the knowing, voluntary and intelligent nature of his plea. And under a totality of the circumstances, I think if you look at these factors. Okay, but let me then point out, counsel, again, sentencing, I mean, change of plea transcript, page seven. The court then asks Assistant U.S. Attorney Dolan below, can you tell us basically what are the charges? What are the mandatory minimums? And Mr. Dolan says, these are the two charges. And then he says, Mr. Valdez, do you understand the possible consequences of your plea? Now this afternoon, knowing what the charges are, what the penalties are, and Mr. Valdez says, yes. So isn't that sufficient? Combined with... Until Mr. Valdez learned that he could not commit a crime by conspiring with a governmental agent. And it is our position that during the Rule 11 hearing, there was no inquiry as to whether or not Mr. Valdez understood the elements of this charge, understood the fact that he could not be convicted of conspiring with a governmental agent. And there was no inquiry by the lower court judge as to his understanding of these elements of the crime. If I may... Is it his position today that he did not conspire with the third party? Because he hasn't said that in his brief. Your Honor, the facts that are presented in the pro se filings, his brief and his reply brief, is that there were a lack of evidence as to who arranged for this buy in Texas, who consummated this buy. There's no question... Counsel, isn't that in the PSR? That those facts are actually in the PSR? Yes, Your Honor. Which you agreed to... And it's unobjected. It's unobjected. Yes, Your Honor. That he arranged for the undercover officer to meet with the source in Texas, and he arranged for the time that the drugs would be transferred to the under... So isn't that contrary to what you just argued? Yes, Your Honor. And there was no objection to those facts. So if I may... And let me, before you proceed, let me also add that at the change of pre-colloquy, and again, I'll refer to page 10, 11, the court, Judge Gorton, asked Mr. Dolan, the prosecutor, to provide a summary of the facts. And in that summary of the facts, he generally talks about the meeting in Texas, about the person arranged by Valdez, confidential source. He mentioned the confidential source, but he mentions his other individuals involved. And then the court asked Mr. Valdez, do you have anything to add? He says no. And do you disagree with those facts? No. So Mr. Valdez, whether he likes it or not, accepted all those facts. And he's acknowledging all those facts. Yes, Your Honor. There's no question Mr. Valdez was very focused upon the governmental agent. And I'm trying to present his arguments to the best of my ability. I'm asking this court to vacate the sentence, mandatory minimum sentence, of 10 years. It is our position, it is the appellant's position, that he was entitled to be considered for safety valve relief. The pre-sentence report was clear. He had met criteria one through four. And the fifth criteria, there's no discussion. The record is completely silent. I have focused this court upon the second half of criteria five. Counsel, can I ask you a question about that while you take a drink? Take your time. What I'm just confused about is, it's my understanding that his counsel asked for the sentence. So is your argument that the court was required to inquire regardless of the fact? Yes. Can you elaborate on that, please? Yes, Your Honor. Thank you. There's no question, and I'll refer to several cases, but Congress has mandated, if I may. Please continue and answer. Congress has, it is a congressional directive that it is the duty of the lower court, of the district court judge, to inquire of the parties as to whether or not safety valve relief is available. The record is completely silent. It is not the government's decision, but it is the duty of the district court judge. What authority do you have for attaching that duty to the district court? I cite in my reply brief, United States v. Ortiz-Santiago, that it is mandatory. It is a congressional directive. I also cite in my reply brief that this court has relied upon the Ninth Circuit case of United States v. Thompson, in the case of United States v. Cadvid, all cited in my reply brief that, pursuant to the second half of criteria five... Okay, but what these cases say, it's the court that determines compliance with a safety valve, not the government, not the defense. The court ultimately will make that determination. Let me say this. I sat as a district court judge for 15 years. I would always personally ask, has counsel complied? I mean, defendant complied? I asked the parties, but I don't remember, I don't have any statutory obligation for a court to ask or to inquire if the parties don't bring it up, or if it's not something that's qualified. I believe Congress has made a directive, and I think if you look closely at the statute, look closely at the safety valve, and in Ortiz v. Santiago at pages 152 through 153, this court also stated that whether the court determines that the safety valve applies or not, the court must set forth its reasoning in criteria for either agreeing that safety valve relief applies here or it does not. But here, there was no issue at the time of sentencing. The defense said, safety valve applied, or... The judge just stopped. He went through the whole analysis under the guidelines, criminal history category, we're dealing with a first-time offender, and he just stopped. But didn't he stop because Mr. Valdez's counsel was asking for the mandatory minimum? Why should he have continued the analysis? Because it is his responsibility, it is his duty, it is his obligation. The pre-sentence report was clear. The pre-sentence report specifically said he meets criteria one through four. It is up to you, the court, whether or not he meets criteria one through four. Now, let me ask you, is there anywhere in the record that at least evidence shows there was an argument brought to the court that he complied with requirement number five? He had to give a statement. Did he actually give the statement? The precedence I've cited, we're not dealing with a debriefing. That is not necessarily required. It requires a statement. Even a statement is not required because if the government was already aware of the facts or if there were no other facts that could have been entitled to be considered for relief under the safety valve. And I'd ask... But again, what Judge Rickleman is saying, counsel is asking 120 months. So there may be a 2020-2255 issue at some other point, but on the record we have, if counsel is asking for 120 months, that's the minimum. Counsel is not asking to go below. So why should the court then address the safety valve issue? That's... Okay. Because the district court judge had a duty, regardless of what counsel... So if you are correct that there's this duty to sua sponte, inquire, and the judge doesn't do it, and there's no objection to the fact that the judge doesn't do it, it might be plain error. Yes, Your Honor. Could there be a waiver of the issue, though? Could there be an affirmative waiver? Or does the judge have to go through the exercise even if the defendant has said, that's just not on the table here? I believe the judge should go through, absolutely go through the exercise, because the pre-sentence report... Even if it's been affirmatively waived, that's your position? Yes. Okay. Yes, Your Honor. And in this case, I'm asking the court to remand this matter, to vacate the sentence, so that Mr. Valdez may be considered for safety valve relief. Okay. Thank you, counsel. You have two minutes for rebuttal. Thank you. Ms. Eisenstadt, welcome back. You were here yesterday. Good morning. May it please the court, Karen Eisenstadt for the government. And unless the court has a different preference, I'd like to just pick up where counsel left off on this. I was going to ask you if you can first address safety valve. So it's the government's... The government's not aware of any authority that makes it a duty for the district court to inquire into whether the defendant satisfied criterion five of the safety valve. It's the defendant's burden. He's made no attempt to meet it. He hasn't even raised the issue. And as Judge Howard pointed out, and Judge Rickleman pointed out, he's affirmatively asked the court to apply the mandatory minimum, which presumes the safety valve has not been satisfied. Would that be like an estoppel argument also? Yes. The government argues in its brief that that should be viewed as a waiver. If you're asking for the mandatory minimum, I think the judge is in good ground to assume that no one's making a safety valve argument. There's nothing further to be said about that. Counsel, do you know, based on your understanding of the record below, why there was no consideration by either side of the safety valve here? Not based on the records. And so what didn't come up, there isn't record evidence. But we know from the defendant's reply brief that he's not claiming he made a statement or submitted to any debriefing or provided any information to the government. So I think it's a fair guess that it didn't come up because the defendant made a choice not to make a statement and bring it into issue. But the record tells us nothing. We have to guess, like you said. I appreciate it's a fair guess. Correct. The record does not state one way or the other about the issue. It just did not come up. Let me ask you, what's the government's position? The defendant did accept the prosecutor's statement of facts. Isn't that enough for that fifth requirement? No. So defense counsel suggested that you can meet the safety valve fifth requirement just because the government already happens to know everything that you could have provided or because, for example, you admitted to a factual basis and those are the you do need to make a statement. It doesn't need to be in the form of a debriefing. I think the Montaigne's case makes clear it could be a letter from counsel. But the court has interpreted the safety valve statute. This is from United States v. Wren, 66F3-1, from 1995, that the word provided in terms of providing information to the government contemplates an affirmative act of cooperating. He said, well, then you know everything I know. And the court said that that doesn't qualify because you do need to actually make a provision of information. So at a minimum, the defendant should have said, you know, court or government, what I accepted at the change of plea hearing, that's all I know. I met the requirement of the statement, at least something like that. Correct. Correct. And going to what counsel is arguing, then it would be up to the court to determine that's sufficient, not sufficient. The government might concede. And again, in my experience, I've had cases where based on a plea agreement, the government says, we don't need any more. Consider it. You know, I know in the Southern District of Florida, if you have a plea agreement with a statement of facts, that's sufficient. That's a statement. But it has to, as you said, it has to be affirmative, and the defense has to request it. Correct. Correct. So in Montaigne's, for example, there was a letter provided. It happened to just be basically the same statements that were in the government's own complaint. But there was a provision. And then at that point, it's up to the district court to just determine whether the safety valve is satisfied. But there does need to be a provision. So the second part of the statute, which counsel referenced about if the government, you know, you have no relevant information, et cetera, that just means that if you make the provision, the fact that the information turned out to be not useful or not relevant or things the government already had, doesn't mean you don't get the safety valve relief. But the provision does need to be an And let me ask you, asking for the fifth point, the fifth element of an appeal, when it wasn't asked below, isn't that sort of like an ambush? And I know I used that word yesterday. I think you were arguing also. But isn't, you know, you don't raise it below, you don't contest it below, and then you raise it now. Correct. So as Judge Howard pointed out, if we got past the issue that there were, there is no duty for the court to inquire sui sponte, and we're looking at it on silence in the record on the issue, means you can't show plain error, because the silence is because you didn't bring up the issue below. You failed to preserve it. So here there's silence as to whether he made a provision of information, though now in his reply brief he's essentially acknowledged he did not. But in general, under plain error view, the silence would then count against him that he can't meet his third prong of showing prejudice under plain error, because he can't show that he would have qualified under the fifth prong of the safety valve, even if the court had decided to make the inquiry. If the court has no further questions on the safety valve, I would move to the plea withdrawal claim. Okay, please go ahead. And let me ask you, make it a little easier, I make reference to the transcript. Are you in agreement the way I read the transcript, or you disagree with how I've read the transcript, discussing with opposing counsel? The government agrees with your reading the transcript. There isn't, this rule 11 is sufficient. His issue as to count two is of course irrelevant, because this was a, he wants to withdraw as to count one. And in addition to it being sufficient, it's a simple charge, he stated in his own words and understanding it's a conspiracy charge for five kilos of cocaine. Nothing he cites as or criticizes in the rule 11 hearing would have addressed the legal principle that sort of was the basis of his plea withdrawal motion. So there wasn't anything, it's not an element of the crime that the court needs to apprise the defendant of that you cannot conspire legally with a government agent. And it wouldn't make sense for that to be a requirement, because that would be essentially the court needing to tell you, you know, just so you know, there's a thing you weren't charged with, and the government couldn't have charged you with that because that wouldn't be a crime. I mean, it's, there'd be no limiting principle to saying the government needs, the court needs to apprise you of all of those things. And as this court recently said in United States versus Francis Cahill, an opinion I think a couple of weeks ago, Judge Howard was on the panel, there's innumerable legal principles the defendant may want to know in deciding whether to plead. This court has referred to them as sub-components of the elements of the charge or technical intricacies of the charge. And the court explained there, reaffirmed that, that that's what you have a lawyer for. So it's not the district court's job to, you know, basically advise you as to whether to plead or not and give you all of that information. That's the lawyer's job. And the district court will inquire, as this Judge Gorton did here, whether you consulted with counsel about your charges, whether you're satisfied with counsel's advice and representation, which Mr. Valdez said he was. And at that point, the district court is entitled to rely on those assurances. And that is a process that affords proper deference to defense counsel's role in the adversarial process. In his motion to withdraw his plea, he argues legal innocence, the court would correctly rejected that, that's not correct. He also at one point tried to dismiss the indictment as invalid because it didn't name a co-conspirator, also correctly rejected, that's not correct. He made some statements about, well, counsel didn't tell me things that perhaps he may have wanted to know. And as the government points out in its brief, I mean, that is in effect a strickling claim. And it's one that isn't right for this court's consideration. We don't have any insight into how he decided whether to plead, what counsel did or did not tell him, or the context of that. And because he didn't bring a strickling claim below and ask the court to determine it, there's not to this date been a privilege and look at those conversations. They're still privileged. We don't know what happened there. He's not precluded from bringing such a claim in a 2255 petition. He knows how to bring it because he actually did try to bring one prematurely. So it's the government's position that to the extent there's any issues lurking there, that they're not right for this direct appeal and those can be considered later. Let me ask you, when the change of plea colloquy, Judge Gordon talks about the other unindicted co-conspirators, and that's clear but before that, you agree the government complied with Rule 116.1. And under that rule, local rule, you have to provide all the names of all the co-conspirators. And that's a very pro-defense rule. So this is not like at the last minute, oh, there were other folks, I didn't know what I was getting into. Me on a 2255, it's maybe an argument, but from the record, there's no discovery dispute. Correct. So again, discovery isn't itself in the record, but we have in the record that a representation was made to the magistrate, discovery is complete, and we know the rules under this District of Massachusetts. And they're automatic. Correct. It's mandatory automatic discovery. It's a standard thing. It's a conspiracy. And they go beyond the federal rules. These are like, you know. Correct. Correct. This is the defense attorney's paradise, these rules here. This is based on the local rules that applied here. And there's nothing in the record and defense doesn't suggest that anything was not complied with in terms of the regular course. Counsel, before you run out of time, can I just ask you one more question about the sentencing? There was, in the defendant's brief, a suggestion that he made a motion pro se that in advance of sentencing that could somehow be interpreted to be related to the safety valve request. What is your response to that? Do you know what I'm talking about? Yes. So the defendant made a pro se motion. It was based on the defendant's, the government's failure to file an information under 851. That has nothing to do with the safety valve. So 851 is, if I may finish, if the government seeks a mandatory minimum based on prior convictions, the government needs to file an information stating those under Rule 851. And of course, this was not a mandatory minimum that was based on a prior conviction, so it simply was completely off base. Here, the mandatory minimum was based on the drug amount, drug identity and the drug amount, which was stated in the indictment itself. Okay. Thank you, Counsel. Thank you. Ms. Theriot, you have two minutes. Your Honor just referred to a pro se motion that Mr. Valdez filed approximately two weeks prior to sentencing. Mr. Valdez is not an attorney. He objected to the imposition of a mandatory minimum sentence, granted on the wrong grounds. He did not use perhaps the proper language. That motion was denied without prejudice two weeks prior to sentencing. The district court judge was very aware, well aware of Mr. Valdez's objection to a 10-year mandatory minimum sentence. Furthermore, at the detention hearing, A-54, yes, it was the magistrate and not the district court judge, but safety valve relief was mentioned. The magistrate judge mentioned that Mr. Valdez may be entitled, we don't know that. Also, the pre-sentence report, so the record is not silent in the sense, I guess is the point I'm getting to. The pre-sentence report was very clear. And again, this court in United States v. Montanez stated at page 523 that nothing in the safety valve statute, nor the legislative history, nor the sentencing guidelines specifies the form, the place, or the manner, or how a disclosure would have to be made, so speak to meet criteria 5. And also, in United States v. Montanez, this first circuit, this court- But again, counsel, there's no affirmative act by counsel below or the defendant himself saying, judge, I complied. I did it this way. I did it that way for the judge to further inquire. You agree with that? And of course, I know your argument is that the judge has to do it. But I'm relying upon the second part of that fifth criteria. We're not dealing with a debriefing. We're not dealing with some sort of an obligation to present a letter. We're dealing with, if you look closely at the second part of criteria 5, if the government already has all of the information or there's nothing else to learn, that's it. The analysis ends there. And with all due respect, the district court judge should have inquired, should have made a decision as Congress mandated. And I'm asking you to vacate the sentence. Thank you, counsel. Thank you. Okay. Good day to both. Let's then call the next case once counsel- Thank you, judge. That concludes arguments in this case.